[854 NYS2d 513]

In the Matter of JANICE L. JESSUP (Admitted as JANICE LORRAINE JESSUP), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, March 25, 2008

## APPEARANCES OF COUNSEL

*Rita E. Adler*, Hauppauge (*Michael Fuchs* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

The notice served by the Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) pursuant to 22 NYCRR 691.3 is predicated upon notification from the Supreme Court of the State of Ohio (hereinafter the Ohio Supreme Court) of its order dated December 2, 2005, directing the respondent to immediately cease and desist from the practice of law in that state due to failure to file a certificate of registration for the 2005/2007 biennium period, pursuant to Ohio Supreme Court Rules for the Government of the Bar rule VI. In addition, the Ohio Supreme Court issued an order filed April 27, 2007, immediately suspending the respondent from the practice of law in that state for failing to comply with the applicable Continuing Legal Education (hereinafter CLE) provisions of Ohio Supreme Court Rules for the Government of the Bar, rule X and Ohio Supreme Court Rules for the Government of the Judiciary rule IV for the 2005-2006 reporting period.

As set forth in the December 2, 2005, order of suspension:

> "Gov. Bar R. VI, Section 1 (A), requires all attorneys admitted to the practice of law in Ohio to file a Certificate of Registration for the 2005/2007 attorney registration biennium on or before September 1, 2005. Section 6 (A) establishes that an attorney who fails to file the Certificate of Registration on or before September 1, 2005, but pays within ninety days of the deadline, shall be assessed a late fee. Section 6 (B) provides that an attorney who fails to file a Certificate of Registration and pay the fees either timely or within the late registration period shall be notified of noncompliance and that if the attorney fails to file evidence of compliance with Gov. Bar R. VI or to come into compliance with this rule on or before December 1, 2005, the attorney will be suspended from the practice of law."

The respondent failed to register for the 2005/2007 attorney registration biennium on or before September 1, 2005, and had not filed evidence of compliance with Ohio Supreme Court Rules for the Government of the Bar rule VI or come into compliance with that rule on or before December 1, 2005. Accordingly, the respondent was suspended from practice in Ohio, effective December 2, 2005. Reinstatement was contingent upon filing a certificate of registration for the 2005/2007 biennial period and all other biennia for which the respondent failed to register; payment of all applicable registration fees; payment of a $200 reinstatement fee; and filing an appropriate application for re-

instatement form provided by the Attorney Registration/CLE section.

The order dated April 27, 2007 suspended the respondent for failure to comply with the applicable CLE requirements for the 2004-2005 period. The court adopted the recommendation of the Commission on Legal Education (hereinafter the Commission) to suspend the respondent for failure to pay a previous court-ordered sanction of $750 for noncompliance in the 2004-2005 reporting period. On December 29, 2006, the Ohio Supreme Court issued to the respondent an order to show cause why the Commission's recommendation should not be adopted and an order entered against her. The respondent failed to file objections to the Commission's recommendation. The Ohio Supreme Court thereupon issued the April 27, 2007, order of immediate suspension and directed her to pay the $750 sanction by check or money order within 30 days.

In that order, the Ohio Supreme Court made reinstatement contingent upon, among other things, compliance with all orders of that court. Additionally, the order spelled out specific actions to be taken by the respondent within 30 days, including notification of clients and opposing counsel or, in the absence of counsel, adverse parties; delivery or making available to clients or co-counsel all papers or other property belonging to clients irrespective of any fees or expenses due the respondent; refund of all unearned fees; filing an affidavit of compliance; and maintaining a record of the various steps taken pursuant to that order.

Notwithstanding the Grievance Committee's personal service of the notice pursuant to 22 NYCRR 691.3 upon the respondent on June 15, 2007 at her business office, the respondent failed to interpose any reply. Accordingly, there is no impediment to the imposition of reciprocal discipline by this Court at this juncture.

Meanwhile, the Grievance Committee moved to adjudicate the respondent in default for failing to serve and file a verified statement in response to the Grievance Committee's notice pursuant to 22 NYCRR 691.3 and imposing such discipline upon her as the court deems appropriate. The respondent still failed to comply.

Under the circumstances, the Grievance Committee's motion to adjudicate the respondent in default is granted and, on its application to impose reciprocal discipline upon the respondent based upon the two orders of the Ohio Supreme Court suspending her for registration and CLE noncompliance, the respon-

dent is publicly censured based upon her failure. to abide by orders of a sister state.

RIVERA, J.P., SKELOS, FISHER, LIFSON and FLORIO, JJ., concur.

Ordered that the petitioner's motion and application are granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, the respondent, Janice L. Jessup, admitted as Janice Lorraine Jessup, is publicly censured for her professional misconduct.